# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-02076-SCT

*SPEEDEE CASH OF MISSISSIPPI, INC.*
*d/b/a SPEEDEE CASH OF PEARL*

*v.*

*CHARLES WILLIAMS*
*a/k/a CHARLIE WILLIAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2004 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | NEVILLE H. BOSCHERT |
| | NICHOLAS H. MANLEY |
| ATTORNEYS FOR APPELLEE: | MICHAEL M. LOUVIER |
| | LOUIS J. GUICHET, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 12/01/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Charles Williams a/k/a Charlie Williams filed suit against Speedee Cash of Mississippi, Inc. d/b/a Speedee Cash of Pearl for wrongfully repossessing Williams' Cadillac El Dorado. Williams alleges that he had not been delinquent with the car payments and that there was no default under the terms of the promissory note.   He also alleges causes of action for conversion, trespass, loss of income, and damage to business reputation, and demanded actual and punitive damages.   In its response to the complaint, Speedee Cash raised the affirmative

defense of arbitration and alleged that Williams breached the contract. It also filed a motion to stay discovery pending arbitration, and a motion to compel arbitration. Attached to the motion to compel was a copy of a document entitled "Mississippi Title, Pledge Agreements Power of Attorney to Transfer Motor Vehicles," which described the El Dorado, set out the amount of money borrowed, the annual percentage rate, and the payment schedule. At the bottom of the document was the following:

ARBITRATION DISCLOSURE

> At the election of either party (Speedee Cash or the Customer), any claims whatsoever which either party has against the other shall be subject to arbitration and shall be referred to a single arbiter agreed upon by the parties, or if no single arbiter can be agreed upon, an arbiter or arbiters shall be selected in accordance with the rules of the American Arbitration Association and such claim shall be settled by arbitration in accordance with the then prevailing commercial rules of the American Arbitration Association, and judgment upon the award rendered by the arbiter may be entered in any court having jurisdiction thereof. This arbitration agreement shall cover all claims whatsoever pertaining in any way to any dwelling, transaction, or activities between the parties, including the arbitrability of any claim, regardless of whether they are based upon contract, tort, or otherwise and regardless of whether they are assertable at law, in equity or otherwise shall be decided by the arbiter.

The arbitration clause is located immediately above the customer's signature and is the last provision of the contract.

¶2.	After the Circuit Court of the First Judicial District of Hinds County, Mississippi, summarily denied Speedee Cash's motion to compel arbitration, we granted Speedee Cash's petition to bring this interlocutory appeal. *See* M.R.A.P. 5. Speedee Cash raises one issue, whether the arbitration agreement is enforceable.

**DISCUSSION**

2

## I.    PRELIMINARY MATTERS.

¶3.    It is elementary to find that the contract affects interstate commerce inasmuch as Speedee Cash, a lender of money to consumers, must run its business in accordance with federal laws and regulations. *See, e.g.,* the Truth-in-Lending Act, 15 U.S.C. §§ 1601 - 1693. Therefore, under the precedent of this Court, the Federal Arbitration Act, 9 U.S.C. §§ 1 - 307, applies to the interpretation of the arbitration clause in question. ***Russell v. Performance Toyota, Inc.***, 826 So. 2d 719 (Miss. 2002).

¶4.    It is further elementary to find that all of Williams' claims fall under the arbitration agreement, which provides:

> This arbitration agreement shall cover all claims whatsoever pertaining in any way to any dwelling, transaction, or activities between the parties, including the arbitrability of any claim, regardless of whether they are based upon contract, tort, or otherwise and regardless of whether they are assertable at law, in equity or otherwise shall be decided by the arbiter.

The claims of wrongful possession, conversion, trespass, loss of income, and damage to business reputation are based upon "contract, tort, or otherwise," and are assertable "at law, in equity or otherwise."

¶5.    Finally, there is no dispute that Williams signed the document containing the arbitration agreement.

## II.    PRESERVATION OF ISSUES ON APPEAL.

¶6.    In the appellee's brief presented to the Court, Williams makes a claim of unconscionability, and Speedee Cash responds to this claim in its appellant's reply brief. However, there is absolutely nothing in the record to show that this claim was raised before

the circuit court. The only claims in Williams' complaint are those of wrongful repossession, conversion, etc. Unconscionability is not mentioned. While there is a notice of hearing on Speedee Cash's motion to compel arbitration, there is no transcript of a hearing. While Speedee Cash filed a memorandum in support of its motion to compel, Williams never filed a response. Finally, the circuit court's order denying Speedee Cash's motion to compel arbitration is a summary order and offers absolutely no rationale for the circuit court's decision. Therefore, we must treat the issue of unconscionability as one never presented to the circuit court and apply the procedural bar. *See, e.g., **Brewer v. State***, 819 So. 2d 1169, 1175 (Miss. 2002).

## CONCLUSION

¶7.     Because Williams raised no issues and offered no evidence to the circuit court as to why the arbitration agreement should not be enforced, we reverse the circuit court's denial of Speedee Cash's motion to compel arbitration. Therefore, the judgment of the Circuit Court of Hinds County is reversed, and the case is remanded to the circuit court with instructions to grant the motion to compel arbitration.

¶8.     **REVERSED AND REMANDED.**

    **SMITH, C.J., COBB, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**